UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICHARD THOMAS GARDIPEE,

            Petitioner,

v.                                                                                                             Case No. 25-cv-1938-bhl

DENITA R BALL, MILWAUKEE COUNTY
CIRCUIT COURT and JOSH KAUL,

           Respondents.

## SCREENING ORDER

On December 9, 2025, Richard Thomas Gardipee filed a petition for writ of habeas corpus under 28 U.S.C. §2241 challenging the constitutionality of his ongoing criminal proceedings in the Milwaukee County Circuit Court for two misdemeanor charges. (ECF No. 1.) That same day, he filed a motion for leave to file an amended petition.[1] (ECF No. 2-1.) Gardipee has paid the $5.00 filing fee, and his petition is ready for screening.

### SCREENING THE PETITION

Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Court permits the Court to "apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." *See Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006); *see also* Civ. L. R. 9(a)(2). The Court will apply those rules here. Rule 4 of the Rules Governing §2254 Cases requires the Court to screen Gardipee's petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

---

[1] Section 2241 petitions may be amended once as a matter of right within 21 days of the petition's service. *See* 28 U.S.C. §2242; *see also* Fed. R. Civ. P. 15(a)(1)(A). Accordingly, Gardipee's motion is denied as moot, and ECF No. 2-1 is considered the operative petition.

Rule 4, Rules Governing §2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court.

## BACKGROUND

In his petition, Gardipee states that on October 21, 2024, he appeared in Milwaukee County Circuit Court for his initial appearance in a criminal case related to two misdemeanor counts of retail theft and resisting or obstructing an officer.[2] (ECF No. 2-1 at 3.) Gardipee informed the presiding Court Commissioner, Dewey Martin, that he was indigent and objected to appearing without legal representation. (*Id.*) Martin ignored Gardipee's objection and instead made a probable cause determination, then set bail. (*Id.* at 3, 5.) Two days after his initial appearance, Gardipee filed a habeas petition with the Milwaukee County Circuit Court. (*Id.* at 4.) His petition was "mischaracterized" as a "correspondence" and was thus never addressed. (*Id.*)

On October 30, 2024, Maura Gingerich, a public defender, was appointed to represent Gardipee. (*Id.* at 3.) Gardipee asserts that this was too late, as the "the 10-day window to file preliminary motions under Wis. Stat. §971.31 had substantially lapsed[.]" (*Id.* at 3.) In November 2024, Gardipee requested that Gingerich appeal the probable cause determination made without counsel present and file a speedy trial demand, but Gingerich refused. (*Id.* at 4.) Gardipee asserts that the Milwaukee County Circuit Court then conducted status conferences "off the record" on February 3, 2025, March 17, 2025, April 18, 2025, June 26, 2025, and September 11, 2025. (*Id.*) It appears that Gingerich was present at the hearings, although "at several of these dates there was no judge present." (*Id.*)

On June 20, 2025, Gardipee filed a petition for writ of habeas corpus with the Wisconsin Supreme Court. (*Id.* at 4.) His petition has not yet been addressed. (*Id.*) Gardipee is currently out on bond, although a trial has not yet been held. (*Id.* at 6.)

## ANALYSIS

Invoking Section 2241(c)(3), Gardipee asserts three claims: (1) that the absence of an attorney at Gardipee's October 21, 2024 hearing violated his Sixth Amendment right to counsel; (2) that the "off the record" hearings violated his due process rights; and (3) that Gingerich's

---

[2] *See State of Wisconsin v. Richard Thomas Gardipee*, Milwaukee County Circuit Court Case No. 2024CM002913, available at https://wcca.wicourts.gov; *State of Wisconsin v. Richard Thomas Gardipee*, Milwaukee County Circuit Court Case No. 2024CM001471.

refusal to file a speedy trial motion constitutes a violation of his right to speedy trial. (ECF No. 2-1 at 5–6.)

Gardipee's invocation of Section 2241 is appropriate. Section 2241 is a vehicle that state pretrial detainees, like Gardipee, can use to challenge their detention as unconstitutional. *See Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015). To obtain a writ of habeas corpus under Section 2241, Gardipee must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. §2241(c)(3). Given that he is subject to a state court bond, Gardipee is considered in custody for purposes of Section 2241. *See Green v. Milwaukee Cnty. Cir. Ct.*, 148 F.4th 461, 463 (7th Cir. 2025) (holding that those out on bond are considered in custody).

Gardipee's right to relief under Section 2241 is more problematic. A federal court's ability to grant habeas relief under this statute is limited where, as here, state criminal proceedings against the petitioner are ongoing. The Supreme Court has recognized that there is a "fundamental policy against federal interference with state criminal prosecutions." *Younger v. Harris,* 401 U.S. 37, 46 (1971). A federal court should not intervene in ongoing state criminal proceedings so long as the state court provides an opportunity to raise the federal claims and no exceptional circumstances exist. *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009) (citing *Stroman Realty, Inc., v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007)). Instead, the pretrial detainee must generally proceed with his claims through regular state criminal proceedings and then raise his claims through a Section 2254 petition *after* any state conviction. *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). Courts have recognized a limited exception to this general rule for situations in which the petitioner's federal law challenge would become moot without immediate federal intervention. *Id.* Even where a petitioner alleges such a situation, however, federal courts are reluctant to interfere with ongoing state proceedings and limit application of the mootness exception to petitions raising speedy trial and double jeopardy claims. *See Olsson*, 328 F. App'x at 335 (citing *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489–92 (1973)).

Gardipee's first two claims involve alleged violations of his right to counsel and his right to due process. (ECF No. 2-1 at 3, 5–6.) Because these claims would interfere with his ongoing state court criminal case, and they do not fall within the mootness exception, Gardipee cannot raise them in a Section 2241 petition. *See Sweeney*, 612 F.3d at 573. Both claims will therefore be dismissed at screening.

Gardipee's third claim asserts a violation of his speedy trial rights and could, in the appropriate circumstances, fall within the mootness exception, allowing it to be raised under Section 2241. *See id.* The problem for Gardipee is that he has not exhausted this claim in the state court. Even with respect to claims that might become moot if not heard prior to conviction, federal law requires a state court criminal defendant to raise those claims in the state court before seeking habeas relief. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (observing that the "common-law exhaustion rule applies to §2241 actions"). The exhaustion requirement is "grounded in principles of comity," giving state courts the first chance to address and correct alleged federal rights violations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). For a speedy trial claim, the "exhaustion requirement is not onerous"—the defendant need only present the speedy trial claim to the state court, and the claim must have been denied. *United States v. Castor*, 937 F.2d 293, 297 (7th Cir. 1991) (quoting *Braden*, 410 U.S. at 491).

Gardipee's petition confirms that he has not exhausted his speedy trial claim in state court. He asserts in his petition that his appointed counsel, Gingerich, has refused to file a speedy trial motion. (ECF No. 2-1 at 6.) This assertion demonstrates that the speedy trial claim has not been presented to the state court for resolution. Counsel's refusal to file a speedy trial motion might give rise to an ineffective assistance of counsel claim, but Gardipee does not raise such a claim in his petition, and, in any event, ineffective assistance claims cannot be raised under Section 2241 while the state criminal case remains pending. *See Sweeney*, 612 F.3d at 573. Gardipee also off-handedly mentions a pending petition for writ of habeas corpus before the Wisconsin Supreme Court.[3] (*See* ECF No. 2-1 at 4.) It is possible that this petition raises his speedy trial claim, but, even if it does, Gardipee admits (and public record confirms) that the petition remains pending. Because the Wisconsin Supreme Court has not denied the petition, his speedy trial claim would be unexhausted even if he raised it in that court. *See Castor*, 937 F.3d at 297.

Accordingly, none of Gardipee's claims can be pursued under Section 2241. His first two claims cannot proceed while his state criminal proceedings remain pending, and his third claim cannot proceed because it is unexhausted. The Court will therefore dismiss Gardipee's petition without prejudice, allowing him the opportunity to exhaust his speedy trial claim in state court.

---

[3] *See Richard Thomas Gardipee v. Circuit Court of Milwaukee County*, Milwaukee County Circuit Court Case No. 2025AP001345.

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Gardipee's petition is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED** because the Court does not find that any reasonable jurist could debate the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS FURTHER ORDERED** that Gardipee's motion for leave to file an amended petition, ECF No. 2, is **DENIED as moot**.

Dated at Milwaukee, Wisconsin on January 6, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge